IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-91-051-RAW |
| ) | |
| RICHARD SCOTT MCINTOSH, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Defendant was convicted, over thirty years ago, of bank robbery, related firearms offenses, and conspiracy. *See United States v. McIntosh,* 999 F.2d 487 (10th Cir.1993)(affirming conviction and sentence). He is no longer in federal custody, but has filed a motion for writ of *coram nobis*. He contends his convictions should be vacated based on the Supreme Court decision in *McGirt v. Oklahoma,* 140 S.Ct.1452 (2020).

The issuance of a writ of *coram nobis* is authorized by 28 U.S.C. §1651(a). The writ originates in common law and has no statutory time limit. *See Flippins v. United States,* 747 F.2d 1089, 1091 (6th Cir.1984).* The burden is on the petitioner to demonstrate that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice. *Klein v. United States,* 880 F.2d 250, 253 (10th Cir.1989).

The court finds defendant has failed to meet his burden. The Supreme Court has not held that *McGirt* is retroactive and the only way the Supreme Court could make a rule

---

*The doctrine of laches can be applicable, but the court declines to invoke it in the present case.

retroactively applicable is through a ruling to that effect. *Mathews v. Elhabte,* No. CIV-21-1021-R, 2022 WL 363357, *1 (W.D.Okla. Feb. 7, 2022).

The court will enter a separate judgment pursuant to *United States v. Torres,* 282 F.3d 1241, 1243-44 (10th Cir.2002)(applying Rule 58 to a *coram nobis* petition).

It is the order of the court that the motion of the defendant for writ of *coram nobis* (#249) is hereby denied. Defendant's motion for appointment of counsel (#241) is also denied.

**ORDERED THIS 25th DAY OF AUGUST, 2022.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma